# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARVIN ANTHONY MATTHEWS, PRO SE v. STATE OF TENNESSEE AND BRUCE WESTBROOKS, WARDEN, WEST TENNESSEE STATE PENITENTIARY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 26888     Joseph B. Dailey, Judge**

-----

**No. W2003-00106-CCA-R3-CO  - Filed December 31, 2003**

-----

The Petitioner, Marvin Anthony Matthews, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner filed his petition in the wrong venue without providing a sufficient reason for not applying in the proper court, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Marvin Anthony Matthews, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney

General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

In 1970, Petitioner entered a guilty plea to uttering a forged paper and received a sentence of three years confinement in the Department of Correction. Subsequently, in December 1988, the 1970 conviction was used to find the Petitioner a habitual criminal. As a result, Petitioner is currently serving a life sentence. On November 19, 2002, Petitioner filed a petition for writ of habeas corpus in the Shelby County Criminal Court, alleging that the indictment was invalid because the indictment was neither signed nor dated by the trial court clerk and that the indictment fails to run in the name of the State of Tennessee. The trial court summarily dismissed the petition on December 12, 2002.

Having reviewed the State's motion in light of the entire record on appeal, including the Petitioner's brief, the Court finds the State's motion to be well-taken. The Petitioner is currently incarcerated in Lauderdale County, Tennessee. The present petition, however, was filed in Shelby County, Tennessee. Pursuant to Tennessee Code Annotated § 29-21-105, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. Petitioner claims that the fact that the records pertaining to his case are located in Shelby County constitutes sufficient reason for not complying with section 29-21-105. This Court has previously held that this contention does not constitute "sufficient reason" under section 29-21-105 for filing a petition for a writ of habeas corpus in the court of conviction rather than the court closes to the applicant. *See Jimmy Wayne Wilson v. State*, No. 03C01-9806-CR-00206, 1999 WL 420495, * 2 (Tenn. Crim. App. at Knoxville, Jun. 24, 1999), *perm. to appeal denied*, (Tenn. Nov. 22, 1999) (citing *Muhammad v. State*, No. 01C01-9707-CC-00300, 1997 WL 779095, at * 1 (Tenn. Crim. App. at Nashville, Dec. 18, 1997). *But see State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, *2 (Tenn. Crim. App. at Nashville, Oct. 13, 2000) (holding that location of records sufficient reason when challenge is to void sentence). Since the Petitioner did not comply with the statutory mandates in this respect, the trial court properly dismissed the petition.

Despite the fact that the petition was filed in the wrong county, neither of Petitioner's claims are proper grounds for habeas corpus relief. *See Archer v. State,* 851 S.W.2d 157, 161-162 (Tenn. 1993); *Passarella v. State,* 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Specifically, Petitioner asserts that the indictment fails to include the signature of the clerk of the trial court and that the indictment "fails to run in the name of the State of Tennessee."

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*,

995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The signature of the clerk is a procedural, rather than substantive, safeguard. Therefore, an objection to a defect of this nature, including the signature of the clerk, must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. *See* Tenn. R. Crim. P. 12(b)(2); *Nelson B. Graves v. Howard Carlton, Warden,* C.C.A. No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App. at Knoxville, Mar. 25, 1998), *perm. to appeal denied* (Tenn. 1998).

_____

JOHN EVERETT WILLIAMS, JUDGE